# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MINDY CARPENTER, et al., | : Case No. 3:17-cv-00228 |
| Plaintiffs, | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Sharon L. Ovington |
| LIBERTY INSURANCE CORPORATION, | : |
| Defendant. | : |

## DECISION AND ENTRY

This case concerns Defendant Liberty Insurance Corporation's decision to deny benefits to Plaintiffs under a homeowner's insurance policy. Plaintiffs sought benefits under the insurance policy because their home was significantly damaged by fire in 2016. They assert three claims against Liberty Insurance: (1) breach of contract, (2) "bad faith," and (3) "severe emotional stress/inconvenience/punitive damages." (Doc. #3).

Liberty Insurance seeks an order under Fed. R. Civ. P. 42 that bifurcates Plaintiffs' breach-of-contract claim from their second and third claims and stays discovery on their second and third claims. In the event Plaintiffs' claims proceed to trial, Liberty Insurance also seeks bifurcation such that the breach-of-contract claim is tried first, followed immediately by the trial of the remaining claims. (Doc. #13, *PageID* #66). Plaintiffs oppose bifurcation, a stay of discovery, and bifurcation at trial.

Rule 42(b) permits bifurcation "[f]or convenience, to avoid prejudice, or to expedite and economize…." "Only one of these criteria need be met to justify

bifurcation." *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). Still, "[b]ifurcation is the exception to the general rule that disputes should be resolved in a single proceeding." *Shah v. Metropolitan Life Ins. Co.*, 2:16cv1124, 2017 WL 3288185, at *1 (S.D. Ohio 2017) (Smith, D.J.) (citations omitted); *see Wolkosky v. 21st Century Centennial Ins. Co..*, 2:10cv439, 2010 WL 2788676, *3 (S.D. Ohio 2010) (Frost, D.J.). Consideration of whether to bifurcate "should be grounded in the facts and circumstances of each case." *Shah*, 2:16cv1124, 2017 WL 3288185, at *1 (citing *Saxion*, 86 F.3d at 556). The party requesting bifurcation (Liberty Insurance) bears the burden of demonstrating that bifurcation is warranted. *See Greif International Holding BV v. Mauser USA, LLC*, 2:16cv1198, 2017 WL 2177638, at *3 (S.D. Ohio 2017) (Graham, D.J.); *see also Excel Direct, Inc. v. Nautilus Insurance Co.*, 2:16cv446, 2017 WL 127480, at *1 (S.D. Ohio 2017) (Jolson, M.J.).

Liberty Insurance contends that if the Court rules in its favor on Plaintiffs' breach of contract claim, then Plaintiffs' bad-faith and punitive-damages claims "may be appropriate for dismissal." (Doc. #13, *PageID* #65). Liberty Insurance foresees potential time savings for the parties and the Court if the discovery and dispositive-motion stages of the case proceed by focusing first on Plaintiffs' breach-of-contract claim alone. Liberty Insurance states, "While it is true that some of the evidence relating to the breach of contract and the bad faith claim may overlap, the discovery that does not overlap and [that] relates only the 'bad faith' claim should be bifurcated." (Doc. #16, *PageID* #180).

The potential time savings that Liberty Insurance sees will occur only if the Court rules in its favor on Plaintiffs' breach-of-contract claim. If the opposite occurs, and

2

Plaintiffs' breach-of-contract claim survives the dispositive-motion stage, much delay will result while the parties return to the discovery stage and re-focus their attention onto Plaintiffs' remaining claims. A second round of dispositive motions might then be needed. Further significant delay would occur if the case proceeds to trial only on Plaintiffs' breach-of-contract claim and a verdict in Plaintiffs' favor occurs. This would create the need for a second trial on their remaining bad-faith and "severe emotional distress" claims. At the present time, when no dispositive motions have been filed, there is an equal likelihood that Liberty Insurance might or might not defeat Plaintiffs' breach-of-contract claim at the dispositve-motion stage or trial (if one occurs). Given this, bifurcation might well cause inefficient, disheveled case management as the parties lumber back-and-forth between successive rounds of discovery (including the likely need for more depositions), dispositive motions, and trials. The risk of this occurring outweighs the time saving and efficiency that might result if Liberty Insurance's proposed bifurcations are presently allowed.

Liberty Insurance also argues that if discovery proceeds without bifurcation, it will suffer great prejudice because Plaintiffs will gain an unfair "insiders' look" at how Liberty Insurance evaluated Plaintiffs' claim for benefits. This unfair insiders' look will be revealed, according to Liberty Insurance, if it must produce Plaintiffs' entire claim file in response to Plaintiffs' discovery requests that are related to their bad-faith claim.

Liberty Insurance must specify how it will be prejudiced by revealing its insiders' look to Plaintiffs. *Wolkosky*, 2:10cv439, 2010 WL 2788676, at *4 ("[A] defendant must make a specific showing that the discovery will prejudice its defense."). Liberty

Insurance does not meet this specificity requirement because it does not indicate how revealing its evaluation of Plaintiffs' claim for benefits will hinder its ability to defend against Plaintiffs' breach-of-contract claim. This is all the more so where Liberty Insurance raises an affirmative defense to Plaintiffs' breach-of-contract claim—namely, a coverage exclusion applies. (Doc. #7, *PageID* #38; Doc. #13, *PageID* #s 63-64). "The insurer bears the burden of proving the applicability of an exclusion in its policy." *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 691 F.3d 821, 832 (6th Cir. 2012) (citing *Continental Ins. Co. v. Louis Marx Co., Inc.*, 64 Ohio St.2d 399, 401 (1980)). It therefore seems that Liberty Insurance may need to reveal their insiders' look as support for their affirmative defense to Plaintiffs' breach-of-contract claim. Given this, and without some a specific reason supporting Liberty Insurance's conclusion that release of its insiders' look will cause it prejudice, Liberty Insurance has not shown it will suffer prejudice sufficient to support bifurcation during discovery, upon dispositive motions, or at trial. *Cf. Broad v. North Pointe Ins. Co.,* 5:11cv2422, 2012 WL 12894227, *2 (N.D. Ohio 2012) (Burke, M.J.) ("A court cannot 'make an affirmative determination of potential prejudice to Defendants, where Defendants bear the burden of proof, without considering *evidence* of prejudice.'" (emphasis in original) (citation omitted)).

Liberty Insurance contends that the Ohio Supreme Court, in *Boone v. Vanliner Co.*, 91 Ohio St.3d 209, 214 (2001), has recognized the potential for prejudice in this type of case by stating, "Of course, if the trial court finds that the release of information will inhibit the insurer's ability to defend on the underlying claim, it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the

4

underlying claim." Yet, accepting (as *Boone* does) that potential prejudice might exist in a given case does not show that any actual prejudice will arise from not bifurcating the present case. And, unlike the present case, the potential for prejudice noted in *Boone* arose from the possible release during discovery of attorney-client communications that occurred before the denial of insurance coverage. *See id*. The Ohio Supreme Court observed, "At that stage of the claims handling, the claims file materials will not contain work product, *i.e.*, things prepared in anticipation of litigation." *Id*. Liberty Insurance does not indicate that it will be prejudiced by the release of attorney-client communications or trial-preparation materials. *Boone's* concern about potential prejudice from release of such information does not show prejudice in the present case. And, as in *Wolkosky,* "Defendant can still guard against prejudice by challenging future discovery requests that it believes seek privileged documents." 2010 WL 2788676, *4.

**IT IS THEREFORE ORDERED THAT**:

Liberty Insurance Corporation's Motion to Bifurcate and Stay Discovery Regarding Claims Two and Three of Plaintiffs' Complaint (Doc. #13) is DENIED.

December 7, 2017                                        *s/Sharon L. Ovington*
                                                        Sharon L. Ovington
                                                        United States Magistrate Judge