UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Mindy Carpenter, et al.,**

    *Plaintiffs,*

v.                                             Case No. 3:17-cv-228
                                                              Judge Thomas M. Rose

**Liberty Insurance Corporation,**

    *Defendant.*

---

**AMENDED ENTRY AND ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, ECF 49, DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT, ECF 70, GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COUNTS II AND III, ECF 72, DENYING PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT, ECF 83, AND GRANTING PLAINTIFFS' MOTION FOR JUDGMENT ENTRY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b). ECF 89.**

---

Pending before the Court are Plaintiffs' Motion for Partial Summary Judgment, ECF 49, Plaintiffs' Motion for Reconsideration of Partial Summary Judgment, ECF 70, Defendants' Motion for Partial Summary Judgment Regarding Counts II and III, ECF 72, and Plaintiffs' Second Motion for Summary Judgment. ECF 83.   These motions are now ripe. See ECF 61, 63, 71, 73, 86, and 87.   In their motions, Plaintiffs request summary judgment on their claims for breach of contract, bad faith and "severe emotional distress/inconvenience/punitive damages," as

1

well as a reversal of the Court's earlier award of summary judgment in favor of Defendant on certain questions of law. See ECF 67.

The evidence viewed in a light most favorable to Plaintiffs was described in the Court's order of September 20, 2019. ECF 67. As described in the Court's order, Plaintiffs do not have evidence that would support a finding that Defendant had perpetrated an act of bad faith or any action that would support a finding of emotional distress or an award of punitive damages. It remains unclear, that is to say, there is a genuine issue of material fact that needs to be determined before a finder of fact could decide, whether Defendant breached its contract with Plaintiffs.

Defendants' Motion for Partial Summary Judgment Regarding Counts II and III, ECF 72, warrants further attention. The Court will begin with a brief recounting of applicable law.

An insurance policy is a contract and must be interpreted by utilizing "the familiar rules of construction and interpretation applicable to contracts generally." *Whitt Mach., Inc. v. Essex Ins. Co.*, 377 Fed. App'x 492, 496 (6th Cir. 2010), citing G*omolka v. State Auto. Mut. Ins. Co.*, 436 N.E.2d 1347, 1348 (Ohio 1982) and *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 597 N.E.2d 1096 (Ohio 1992).

An insurance contract "is to be given a reasonable construction in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." *Whitt*, 377 Fed. App'x at 496, citing *Andersen v. Highland House Co.*, 757 N.E.2d 329, 332 (Ohio 2001); see also *Hybud*, 597 N.E.2d at 1102 ("[T]he most critical rule is that which stops this court from rewriting the contract when the intent of the parties is evident, i.e., if the language of the policy's provisions is clear and unambiguous, this court may not 'resort to construction of that language.'"). "[A] court cannot create ambiguity in a contract

2

where there is none," and "[a]mbiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation." *Whitt*, 377 Fed. App'x at 496, citing *Lager v. Miller-Gonzalez*, 896 N.E.2d 666, 669 (Ohio 2008).

To act in good faith an insurer must have a reasonable justification for its conduct. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 400 (Ohio 1994). "An insurer lacks reasonable justification when it denies an insurer's claim in an arbitrary and capricious manner." *Barbour v. Household Life Ins. Co.*, 2012 WL 1109993 at *5 (N.D. Ohio Case No. 1:11-cv-110, April 2, 2012), citing *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, 1320 (Ohio 1983), and *Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 711 (6th Cir.1992).

When a claim is "fairly debatable and the refusal is premised on either the status of the law at the time of the denial or the facts that gave rise to the claim," a denial is reasonably justified. *Tokles & Sons, Inc. v. Midwestern Indemn. Co.*, 605 N.E.2d 936 (Ohio 1992). "The test, therefore, is not whether the defendant's conclusion to deny benefits was correct, but whether the decision to deny benefits was arbitrary or capricious, and there existed a reasonable justification for the denial." *Thomas*, 974 F.2d at 711; *Barbour*, 2012 WL 1109993 at *5.

In order for an insurer to deny a fire loss claim under an intentional loss exclusion, there must be: "(1) a fire of incendiary origin; (2) the motive to cause the fire; and (3) opportunity to cause, or participate in causing, the fire." *Thomas*, 974 F.2d at 711 and *Corbo Properties, Ltd. v. Seneca Ins. Co., Inc.*, 771 F.Supp.3d 877, 881 (N.D. Ohio 2011), both citing *Caserta v. Allstate Ins. Co.*, 470 N.E.2d 430, 433 (Ohio App. 1983). "On a motion for summary judgment, Ohio law directs courts to assess bad-faith-denial-of-coverage claims from the perspective of what

3

information motivated the insurer's denial." *Smith v. Allstate Indem. Co.*, 304 Fed. App'x 430, 432 (6th Cir. 2008).   To defeat such a motion, "[a]n aggrieved insured must respond to the insurer's motion 'with evidence which tends to show that the insurer had no reasonable justification for refusing the claim[.]'" Id., citing *Tokles*, 605 N.E.2d at 943.

Whether the insurer is also entitled to judgment on the breach of contract claim is of no consequence when determining that an insurer is entitled to summary judgment on the bad faith claim:

> A reasonable jury could find that denial of Plaintiff's claim for benefits was incorrect.  However, the key to denial of Plaintiff's claim is Defendant's finding that Plaintiff cannot collect the proceeds of an insurance policy providing coverage for loss by fire for the reason that the decision was based on reasonable evidence that was neither arbitrary nor capricious.

*Hague v. Allstate Prop. & Cas. Ins. Co.*, 2014 WL 5465841, *9 (N.D. Ohio Case No. 3:13-cv2677, Oct. 28, 2014).   An insurer "d[oes] not have to conclusively establish arson; it c[an] deny coverage in good faith so long as the claim was 'fairly debatable.'" *Smith*, 304 Fed. App'x at 432.

While Plaintiffs' claim was fairly debatable, Defendant premised its denial on a reasonable consideration of the facts that gave rise to the claim.   As the Court explained, while a jury could find that Plaintiffs had not made material misrepresentations, the opposite is also true: reasonable minds could very likely find that Plaintiffs had breached the policy.   Plaintiff has marshalled no evidence that the insurer did not reasonably consider the facts that gave rise to Plaintiffs' claim, or impulsively made a decision regarding Plaintiffs' claim.   Instead, the available evidence is that following its investigation, the insurer considered the evidence it had obtained and, rightly or wrongly, concluded that Plaintiffs had engaged in actions rendering the Policy void.   While reasonable minds may differ as to whether this conclusion was correct, there

4

is no evidence that Defendant's decision was not based on the evidence produced by its investigation. Compare *Brewer v. State Farm Fire & Cas. Co.*, 2014 WL 1263359 (S.D. Ohio Case No. 2:11-cv889, Sept. 30, 2014)(Watson, J.).

While Plaintiffs' breach of contract claim is "fairly debatable," Liberty is entitled to judgment on Plaintiffs' bad faith claim. The facts of this case satisfy the criteria for denying Plaintiffs' fire loss claim in good faith as an intentionally set fire.

First, there is evidence that would indicate that this was an intentionally set fire. The Ohio State Fire Marshal concluded that there were multiple points of origin and this was an incendiary fire. (Aff. of E. Mitchell, ¶ 4 and State Fire Marshal's Report at LM 001327-LM001352.) Chuck Strader, IAAI-CFI, CFEI, CVFI, also investigated the fire, and after performing a cause and origin investigation, Strader likewise determined that there were multiple points of origin and this was an incendiary fire. (Aff. of E. Mitchell, ¶ 5 and Strader's Report at LM 001909-LM001972).

Second, evidence indicates Plaintiffs arguably had a motive to set the fire. While Plaintiffs contest whether this amounts to motive, Liberty's investigation revealed that Plaintiffs' home had sustained water damage and heavy mold growth prior to the July 2016 fire. (Aff. of E. Mitchell at ¶ 7). Plaintiffs explained that a sump pump failure in January 2016—six months prior to the fire—allowed the basement to flood, causing water damage and mold. (Aff. of E. Mitchell at ¶ 7; EUO Transcripts at LM 000388). There is also evidence Plaintiffs were also under financial pressure prior to the fire. Credit reports run on Plaintiffs revealed a history of liens and accounts in collections: Shawn Carpenter had two state tax liens released in 2014 and in 2016 had three outstanding tax liens against him from 2013, 2014 and 2016 (for $579, $1,219 and $250, respectively); Carpenter's Capital One card, opened in January 2015, showed a history

5

of five late payments; Carpenter had an automobile loan opened in November 2013 showing three late payments; Mindy Carpenter had six accounts in collections including a Rumpke trash collections bill, two Capital One accounts opened in January and February 2016, a medical bill from March 2016 and an AT&T bill in 2013; and she had two additional tax liens for 2016 of $265 and $409. (Aff. of E. Mitchell, ¶ 8.)   In the Spring of 2016 Shawn Carpenter had left his job to begin a new lawn care business, while Mindy Carpenter did not work outside the home. (Aff. of E. Mitchell, ¶ 9 and Transcripts from Plaintiffs' Examination Under Oath at LM 000318-19.)

Third, evidence indicates that Plaintiffs had an opportunity to cause, or participate in causing, the fire.   There was no sign of forced entry at the Carpenters' home. (State Fire Marshal's Report, LM 001327).   No one besides the Carpenter family had keys to the Carpenters' home, and Shawn Carpenter told the Ohio State Fire Marshal that he had to unlock the front door when he arrived the morning of July 7, 2016 in order to open the front door. (State Fire Marshal's Report, LM 001329).   When the State Fire Marshal's investigator asked Carpenter to undergo a voice stress analysis, he refused. (Id.)   Neither Plaintiffs nor Liberty identified anyone other than Plaintiffs with any motive to set the fire. (Aff. of E. Mitchell, ¶¶ 11, 12.)

Plaintiffs have not presented evidence the insurer had no reasonable justification for refusing their claim.   Liberty is therefore entitled to summary judgment on Plaintiffs' Count II bad faith claim.   While Plaintiffs can offer rebuttal evidence which suggests they did not participate in causing the fire, this is not a defense to a claim of bad faith denial of an insurance claim.   Liberty "d[oes] not have to conclusively establish arson; it could deny coverage in good faith so long as the claim was 'fairly debatable.'" *Smith*, 304 Fed. App'x at 432.   Because

6

Liberty had at least some reasonable justification for denying the claim, as a matter of law, Plaintiffs cannot "show that [Liberty] had no reasonable justification for refusing the claim[.]" Id.

In Count III, Plaintiffs allege that they are entitled to severe emotional distress / inconvenience / punitive damages.  Because Plaintiffs have no viable bad faith claim, they also have no viable claim for severe emotional distress / inconvenience / punitive damages.  While pleaded as a separate count, these damages can only stem from prevailing on the bad faith claim. Because Plaintiffs have no viable bad faith claim, Plaintiffs cannot recover these damages in this case.

Moreover, the Court has already determined that Plaintiffs' breach of contract claim cannot give rise to emotional distress-type damages. ECF 67.  See also *Hartman v. Conseco Senior Health Ins. Co.*, 2010 WL 1981004, *7 (S.D. Ohio Civil Action No. 3:08-cv099, May 18, 2010).  Absent being able to prevail on their bad faith claim, Plaintiffs cannot recover emotional distress or inconvenience damages.  Plaintiffs also cannot recover punitive damages on their breach of contract claim. *Olbrich v. Shelby Mut. Ins. Co.*, 469 N.E.2d 892, 895 (Ohio App. 1983).  Under Ohio law, "it is no tort to breach a contract, regardless of motive." *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 602 (6th Cir. 1988) (citations omitted).

Because Liberty is entitled to summary judgment on Count II bad faith, Liberty is also entitled to summary judgment on Count III's efforts to recoup emotional distress / inconvenience / punitive damages.  "Plaintiffs are potentially entitled to emotional distress damages and attorney fees if they first prove their bad faith claim." ECF 67, PageID 1536.

**Conclusion**

Plaintiffs' Motion for Partial Summary Judgment, ECF 49, Plaintiffs' Motion for Reconsideration of Partial Summary Judgment, ECF 70, and Plaintiffs' Second Motion for Summary Judgment, ECF 83, are **DENIED**. Defendants' Motion for Partial Summary Judgment Regarding Counts II and III, ECF 72, is **GRANTED**.

Plaintiffs seek a certification for interlocutory appeal under Federal Rule of Civil Procedure 54(b) on Plaintiffs' Motion for Partial Summary Judgment, ECF 49, Plaintiffs' Motion for Reconsideration of Partial Summary Judgment, ECF 70, Plaintiffs' Second Motion for Summary Judgment, ECF 83, Defendants' Motion for Partial Summary Judgment Regarding Counts II and III, ECF 72, and this entry and order. To certify a party's claim under Federal Rule of Civil Procedure 54(b), the district court must satisfy two requirements. *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 638 Fed. App'x 489, 494 (6th Cir. 2016); see *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012); see also *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).

First, the court must expressly enter final judgment on at least one but not all of the case's claims or parties. Rule 54(b) does not, however, require the district court to "enter the partial final judgment in its certification of an immediate appeal pursuant to Rule 54(b)." *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002). Instead, the court must only recognize that it entered a partial final judgment. *Planned Parenthood*, 696 F.3d at 500. Second, the court must find "no just reason" to delay that judgment's review. Thus, to certify means that a particular judgment is "ripe for review." 10 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 2660 (3d ed. 2015); see *Gelbolm v. Bank of Am. Corp.*, 135 S. Ct. 897, 906 (2015).

The Sixth Circuit has identified several factors that district courts should consider in analyzing if the reason for delay is justified: (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time or trial, frivolity of competing claims, expense, and the like. *Planned Parenthood*, 696 F.3d at 503 (quoting *Corrosioneering, Inc. v. Thyssen Enytl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

A district court may grant the Rule 54(b) certification regardless of whether all the factors support certification and may weigh the factors unequally based on the case's circumstances. *Curtiss-Wright Corp. v. General Electric Co.*, 100 S.Ct 1460, 1465 (1980). "The determination of whether to allow for an appeal pursuant to Rule 54(b) is a matter left to the sound discretion of the district court." *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003).

The Court has weighed the 54(b) factors and finds they balance in favor of certification. The Sixth Circuit has cautioned that "Rule 54(b) should not be used routinely ... but rather should be reserved for the infrequent harsh case ... where certification serves the interests of justice and judicial administration...." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850, F.2d 1155, 1159 (6th Cir. 1998). The Court finds that there is no just reason for delay. As a result, Plaintiffs' Motion for Judgment Entry Pursuant to Federal Rule of Civil Procedure 54(b), ECF 89, is **GRANTED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 20, 2020.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE