**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Mindy Carpenter, et al.,**

    *Plaintiffs,*

v.                                               Case No. 3:17-cv-228
                                                          Judge Thomas M. Rose

**Liberty Insurance Corporation,**

    *Defendant.*

---

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD MOTION FOR SUMMARY JUDGMENT, DOC. 98; DENYING PLAINTIFFS' THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT TO HOLD DEFENDANT LIBERTY INSURANCE CORP. BREACHED ITS CONTRACT OF INSURANCE, DOC. 97; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON REMAINING ISSUES, DOC. 103; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING COVERED LOSSES TO THE HOME AND FOR ADDITIONAL LIVING EXPENSES, DOC. 104, AND TERMINATING CASE.**

---

The Court has twice previously ruled on motions for summary judgment filed by the parties. Doc. 67 (denying doc. 46, Plaintiffs' Motion for Partial Summary Judgment; and granting doc. 47, Defendant's Cross Motion for Partial Summary Judgment), and doc. 90 (denying Plaintiffs' Motion for Partial Summary Judgment, doc. 49, denying Plaintiffs' Motion for Reconsideration of Partial Summary Judgment, doc. 70 , granting Defendant's Motion for Partial Summary Judgment Regarding Counts II and III, doc. 72 , denying Plaintiffs' Second

1

Motion for Summary Judgment, doc. 83 , and granting Plaintiffs' Motion for Judgment Entry Pursuant to Federal Rule of Civil Procedure 54(b). Doc. 89). In order to resolve outstanding issues in the case, Plaintiffs' Motion for Leave to File Third Motion for Summary Judgment Doc. 97 as Filed on June 22, 202, doc. 98, will be granted.

Plaintiffs Mindy and Shawn Carpenter and Defendant Liberty Insurance Corporation agree that two dispositive questions of law remain in their dispute regarding Plaintiffs' claims:

> (a) Are Plaintiffs entitled to the balance of "Dwelling" coverage because the property was a "total loss" within the meaning of Ohio R.C. §3929.25 as a result of a fire and/or under the ACV provisions of the policy because they sold their home for $258,000? and
>
> (b) Does the policy limit "Additional Living Expense" coverage to, at most, 12 months immediately following the date of loss?

The evidence viewed in a light most favorable to Plaintiffs was described in the Court's order of September 20, 2019. Doc. 67.

**Legal Standard**

Summary judgment is required "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A motion for summary judgment must be granted if the nonmoving party who has the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element that is essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment may be denied only if there are genuine issues of material fact that must be resolved by a trier of fact. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact does not exist simply because

there is "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

An insurance policy is a contract and must be interpreted by utilizing "the familiar rules of construction and interpretation applicable to contracts generally." *Whitt Mach., Inc. v. Essex Ins. Co.*, 377 Fed. App'x 492, 496 (6th Cir. 2010), citing G*omolka v. State Auto. Mut. Ins. Co.*, 436 N.E.2d 1347, 1348 (Ohio 1982) and *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 597 N.E.2d 1096 (Ohio 1992).

An insurance contract "is to be given a reasonable construction in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." *Whitt*, 377 Fed. App'x at 496, citing *Andersen v. Highland House Co.*, 757 N.E.2d 329, 332 (Ohio 2001); see also *Hybud*, 597 N.E.2d at 1102 ("[T]he most critical rule is that which stops this court from rewriting the contract when the intent of the parties is evident, i.e., if the language of the policy's provisions is clear and unambiguous, this court may not 'resort to construction of that language.'"). "[A] court cannot create ambiguity in a contract where there is none," and "[a]mbiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation." *Whitt*, 377 Fed. App'x at 496, citing *Lager v. Miller-Gonzalez*, 896 N.E.2d 666, 669 (Ohio 2008).

**Dwelling Coverage**

Whether Plaintiffs are entitled to further payment for "Dwelling" coverage hinges on the contract language and Ohio Rev. Code §3929.25. The contract provides:

**Coverage A – Dwelling**

We cover:

1. The dwelling on the "resident premises" shown in the Declarations, including structures attached to the dwelling; and

3

> 2. Materials and supplies located on or next to the "resident premises" used to construct, alter or repairs the dwelling or other structures on the "resident premises."

This coverage does not apply to the land, including land on which the dwelling is located.

Doc. 72-7, LM 000007.

Under the Policy's HomeProtector Plus Endorsement, a Dwelling Coverage claim is paid as follows:

> 3. Loss Settlement. Covered property losses are settled as follows:
>
>    a. The applicable limit of liability for Buildings under Coverage A or B is the replacement cost, after application of deductible and without deduction for depreciation, subject to the following:
>
>       (1) We will pay the cost of repair or replacement, but not exceeding:
>
>           (a) The replacement cost of that part of the building damaged using like construction on the same premises and intended for the same occupancy and use;
>           (b) With respect to Coverage A, an amount not exceeding 20% greater than the limit of liability stated in the declaration, as modified by the Inflation Protection Provision of the policy;
>           (c) With respect to Coverage B, the limit of liability stated in the declaration, as modified by the Inflation Protection Provision of the policy;
>           (d) The amount actually and necessarily spent to repair or replace the damage.
>
>               * * * * *
>
>       (3) We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss according to the provisions of a.(1) above.
>
>           However, if the cost to repair or replace the damage is both:
>
>           (a) Less than 5% of the amount of insurance in this policy on the building;
>
>               and
>
>           (b) Less than $2,500;

> We will settle the loss according to the provisions of a.(1) above whether or not actual repair or replacement is complete.

Doc. 72-7, LM 000024.

The parties have stipulated, "If Plaintiffs' home was not a 'total loss' within the meaning of Ohio R.C. §3929.25 as a result of the Fire, and if Plaintiffs' sale of the Property for $258,000 following the Fire does not entitle them to a limits payment under the ACV provisions of the Policy, Liberty owes Plaintiffs nothing more than the Dwelling coverage that Liberty has already paid." (Doc. 1, Stip. 7.) Plaintiffs cannot satisfy either of these criteria.

As regards "total loss," Ohio Rev. Code §3929.25 provides:

> A person, company, or association insuring any building or structure against loss or damage by fire or lightning shall have such building or structure examined by his or its agent, and a full description thereof made, and its insurable value fixed, by such agent. In the absence of any change increasing the risk without the consent of the insurers, and in the absence of intentional fraud on the part of the insured, in the case of total loss the whole amount mentioned in the policy or renewal, upon which the insurer received a premium, shall be paid. However, if the policy of insurance requires actual repair or replacement of the building or structure to be completed in order for the policyholder to be paid the cost of such repair or replacement, without deduction for depreciation or obsolescence, up to the limits of the policy, then the amount to be paid shall be as prescribed by the policy.
>
> The cellar and foundation walls shall not be considered a part of such building or structure in settling losses, despite any contrary provisions in the application or policy.

Ohio R.C. §3929.25.

This "valued policy" statute exists to avoid value disputes regarding "total loss" fire claims. *Myers v. Cincinnati Ins. Co.*, 561 n.E.2d 1060, 1062 (Ohio App. 1989), citing *Milwaukee Mechanic's Ins. Co. v. Russell*, 62 N.E. 338 (Ohio 1901). In this case, however, as a matter of law, Plaintiffs' home was not a "total loss" after the Fire.

A building is only a statutory "total loss" if it "has lost its identity and specific character as a building, even though some parts of it still remain standing." *Paterson-Leitch Co. v. Ins. Co. of N. Am.*, 366 F. Supp. 749, 757 (N.D. Ohio 1973), citing *Penn. Fire Ins. Co. v. Drackett*, 57 N.E. 962 (Ohio 1900). According to *Penn. Fire*, a "total loss" occurs "[w]here a building is so far destroyed by fire as to lose its identity and specific character as a building, and the parts that remain cannot be utilized to advantage in its reconstruction[.]" *Penn. Fire Ins. Co.*, 57 N.E. at 962, Syll. ¶2. Thus, a "total loss" includes both the "absolute extinction" of a building as well as a building which is nothing more than "a mass of ruins, parts of which may remain standing, but of no value in repairing or rebuilding the structure, though something might be realized for the material by removing it[.]" Id. at 963. A "total loss" also occurs where damages exist to such an extent that an insured is unable to secure a building permit to repair the same. *Hamilton Cty. Mut. Fire Ins. Co. v. Rosenbaum*, 171 N.E. 345 (Ohio App. 1929).

Plaintiffs' home was repaired. (Doc. 101, Stip. 15.) Further, while the home sustained internal fire and smoke damage, photographs from shortly after the fire and contained within the Fire Marshal's Report confirm that the home never lost its "identity and specific character as a building." (Doc. 72-8, Fire Marshal's Report, LM 001338, 1343 and 1344.) The home was never a "mass of ruins." As a matter of law, Plaintiffs' home was not a "total loss" under Ohio Rev. Code §3929.25, and that statute does not entitle Plaintiffs to recover additional Dwelling Coverage proceeds.

Plaintiffs also argue that they are entitled to additional Dwelling Coverage proceeds because, post-repairs, they sold their home for $258,000. (Doc. 101, Stip. 6.) This argument is unsupported by the Policy, which makes no reference to the subsequent sales price of the Plaintiffs' property. The amount to which insureds are entitled for Dwelling Coverage after a fire

6

is governed by (a) the terms of the insureds' policy; and (b) if applicable, Ohio Rev. Code §3929.25. In this case, given that neither mentions Plaintiffs' post-loss sale price of the home, that price has no bearing on the amount Plaintiffs are entitled to recover. Therefore, Plaintiffs are not entitled to any additional Dwelling Coverage proceeds under the Policy.

**Additional Living Expense Coverage**

The policy's base form provides Additional Living Expense coverage as follows:

> **COVERAGE D – Loss of Use**
>
> The limit of liability for Coverage D is the total limit for all the coverages that follow.
>
> 1. If a loss covered under this Section makes that part of the "residence premises" where you reside not fit to live in, we cover, at your choice, either of the following. However, if the "residence premises" is not your principal place of residence, we will not provide the option under paragraph b. below.
>
>    a. **Additional Living Expense,** meaning any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living;

Doc. 72-7, LM 000009.

This language is modified, however, as follows:

> For forms HO 00 04 and HO 00 06, item 1, is deleted and replaced by the following:
>
> 1. If a loss by Peril Insured Against under this policy to covered property or the building containing the property makes the "residence premises" not fit to live in, we cover the Additional Living Expense, meaning any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.
>
>    Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

Doc. 72-7, LM 000031-32.

This language is further modified by the HomeProtector Plus Endorsement, which provides:

> **C. INCREASED LIMIT – COVERAGE D**
>
> We will pay the amount of loss covered by Coverage D which is actually sustained by you during the 12 consecutive months following the date of loss, subject to the periods of time under paragraphs 1, 2 and 3 of Coverage D – Loss of Use.

Doc. 72-7, LM 000024.

Plaintiffs argue that Liberty owes more Additional Living Expense coverage proceeds than Liberty has paid. (Doc. 101, Stip. 10.) The parties have stipulated that Liberty paid the amount of Additional Living Expense coverage owed for the period of 12 consecutive months immediately following the fire. (Doc. 101, Stip. 8.)

The policy provides that Liberty only owes Additional Living Expense coverage "which is actually sustained by you during the 12 consecutive months following the date of loss[.]" (Ex. 1, Policy, LM 000024.) Again, the parties have stipulated that Liberty has already paid this amount. Thus, Liberty owes nothing more in Additional Living Expense coverage.

**Conclusion**

In order to resolve outstanding issues in the case, Plaintiffs' Motion for Leave to File Third Motion for Summary Judgment Doc. 97 as Filed on June 22, 202, doc. 98, is **GRANTED**.

Because Defendant is entitled to judgment in its favor as a matter of law on the remaining damages issues, Plaintiffs' Third Motion for Partial Summary Judgment to Hold Defendant Liberty Insurance Corp. Breached Its Contract of Insurance, doc. 97, is **DENIED**.[1] Defendants'

---

[1] Plaintiffs' Third Motion for Partial Summary Judgment asks the Court to reconsider the ruling made in doc. 67, and reconsidered in doc. 90. It is denied for the reasons stated in those rulings.

Motion for Summary Judgment on Remaining Issues, doc. 103, is **GRANTED**. Defendants' Motion for Summary Judgment Regarding Covered Losses to the Home and for Additional Living Expenses, doc. 104, is **GRANTED**. All matters having been resolved, the Clerk is **ORDERED** to enter summary judgment in favor of Defendant and against Plaintiff and **TERMINATE** the instant case from the dockets of the Unites States District Court for the Southern District of Ohio, Western District at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, May 4, 2022.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE